UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VAEOTOOTOO FAILAUGA, | CASE NO.  C09-5755 BHS JRC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | Noted for July 30, 2010 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews v. Weber</u>, 423 U.S. 261 (1976).  Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying an application for social security benefits.

This matter is before the court on the parties' agreement to remand the matter to the administration for further consideration.  Docs. 24 & 25.  The pleadings state that the parties agree the matter should be remanded for a de novo hearing and further administrative proceedings, including, but not limited to, the following actions: the administrative law judge (ALJ) will evaluate

REPORT AND RECOMMENDATION - 1

the lay witness testimony of Plaintiff's wife, and determine how her statement affects the residual functional capacity; the ALJ will also determine to what extent Plaintiff needs to rely upon a cane and elevate his legs/recline during the workday; determine whether vocational expert testimony is required at step five; the ALJ will address the evidence admitted into the record by the Appeals Counsel; and address whether the Plaintiff has engaged in substantial gainful activity since 2002, by obtaining Plaintiff's earning records.

Based on the parties' agreement, the Court should remand the matter to the administration for further consideration as noted above. The parties have also submitted a stipulation and proposed order regarding payment of EAJA fees and costs to plaintiff's attorneys, (Docs 26 & 27), which this court also recommends for approval and entry.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 30, 2010**, as noted in the caption.

DATED at this 8th day of July, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2